3633-01

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

**Amanda P. Tull, Individually**
12547 Blueberry Road                  *      Case No.: _____
Whaleyville, Maryland 21872

     Plaintiff

**v.**                                                    *

**Lawrence J. Mieras, Individually and as Agent, Servant and/or Employee of American Portfolios, American Portfolios Advisors, Inc. and American Portfolios Financial Services, Inc.**
3436 Quaker Street
Wall, New Jersey 07719               *

     Defendant
                                                  *

And

**American Portfolios**
4250 Veterans Memorial Hwy,       *
Suite 420E
Holbrook, NY 11741

     Defendant
                                                  *

and

**American Portfolios Advisors, Inc., a subsidiary of American Portfolios**
4250 Veterans Memorial Hwy,       *
Suite 420E
Holbrook, NY 11741

     Defendant

and

**American Portfolios**             \*
**Financial Services, Inc., a subsidiary of**
**American Portfolios**
4250 Veterans Memorial Hwy,      \*
Suite 420E
Holbrook, NY 11741

                          \*

       Defendant

*********************************

## AMANDA P. TULL, INDIVIDUALLY, COMPLAINT FOR JUDGEMENT AND RELIEF

       Plaintiff, Amanda P. Tull, as an **INDIVIDUAL**, hereby sues the aforementioned Defendants' in this action and sues them for Declaratory Judgment, as herein stated, to wit;

### Preliminary Statement

1.      The original Plaintiff in case (1:1CV-02122-GLR) was Amanda P. Tull, as Personal Representative of the Estate of Addie Belle Jones, Estate No. 16780, as citizen of the State of Maryland, residing at 12547 Blueberry Road, Whaleyville, Worcester County, Maryland 21872.  Plaintiff Tull is now suing on her own behalf.

2.      The Defendants' are Lawrence J. Mieras, a citizen of New Jersey, who resides at  3436 Quaker Street, Wall, New Jersey 07719 and the following named entities, American Portfolios, a broker/dealer ("BD") and registered investment advisor ("RIA) with its principal office at 4250 Veterans Memorial Highway, Suite 420E, Holbrook, New York 17741.

3.      American Portfolios has two (2) subsidiaries, both of which are named Defendants in this action; American Portfolios Advisors, Inc., the registered Investment Advisor ("RIA") and American Portfolios Financial Services, Inc., broker/dealer ("BD") and both have their principal place of business at 4250 Veterans Memorial Highway, Suite 420E, Holbrook, New York 11741.  At all times relevant to this action, Defendant,

Lawrence J. Mieras ("Mieras") was associated with American Portfolios, the RIA, and American Portfolios, the BD, whose principal places of business are located at the address of their parent.

4. Amanda P. Tull is a resident of Whaleyville, Worcester County, Maryland, a citizen thereof suing Defendants', Lawrence J. Mieras, and American Portfolios, et al its "BD" and "RIA". Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendants' herein.

5. This Court has **JURISDICTION** over the subject matter of this action pursuant to 28 USCA, Section 1332 because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00); the action is between citizens of different states; and the Defendants each have certain minimum contracts with the State of Maryland such that the maintenance of this suit in this District does not offend traditional notions of fair play and substantial justice.

6. Venue in the United States District Court for the District of Maryland, Northern Division, is proper pursuant to 28 USCA, Section 1391, as a substantial part of the events or omissions giving rise to the Plaintiffs claims and causes of action occurred in this Judicial District, and because the Defendants are subject to personal jurisdiction in this district, and accordingly, the venue is proper in this District. The Defendants are citizens of New Jersey and New York and were engaged in interstate commerce in and personally came to this district to do business with a citizen from the State of Maryland.

7. Amanda P. Tull, individually, sues on her own behalf and asserts her own rights and standing in respect to the claims in issue, Fraud and Breach of Fiduciary Duty under the diversity jurisdiction of this Court against Defendants', Lawrence J. Mieras and American Portfolios, BD and RIA.

8. Amanda P. Tull's Complaint, as an individual, is timely filed and served because her own rights and interest have been compromised and injured by Defendants' actions. Amanda P. Tull has standing to bring her claims as an individual

and this Court should allow at a minimum pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 15(B)(2).

    a.    The Maryland Statute of Limitations, shows her Claims are timely filed. See Section 5-101, Courts & Judicial Proceedings Article, Maryland Annotated Code.

9.    Amanda P. Tull never waived her rights to bring a personal action as an individual. Section 29(a) of the Securities and Exchange Act of 1934, provides that all applicable investor protection laws, regulations, and rules are operative and cannot be waived in advance by those seeking the protection of those laws.

10.    Amanda P. Tull, as an individual, sues Defendant Lawrence J. Mieras because he submitted false and misleading documents (annuity change forms where he ***only*** described himself as "a friend" and an Annual Client Account review form while indicating he was the broker/financial service representative for the Decedent (Addie Belle Jones') account. Mr. Mieras did ***not*** report and in fact withheld material information thus diminishing Amanda P. Tull's distributive share of the Addie Belle Jones Estate. He did his actions to conceal his role and status from the Compliance and Supervisory personnel at American Portfolios and regulatory authorities, both State and Federal, to gain an interest that would diminish the distributive share of Amanda P. Tull and the other heirs of the Addie Belle Jones Estate.

11.    Defendant, Lawrence J. Mieras in the March 2018 FINRA arbitration admitted under oath that he was an "investment advice fiduciary". Mr. Mieras has continued to control and service the Addie Belle Jones accounts and the monies of Amanda P. Tull from November 2016 through to date, demonstrating the continuing fraud but also continuing breach of his fiduciary duty.

12.    Defendants', American Portfolios, et al, have continued since November 2016 to date to allow the Defendant, Lawrence J. Mieras to service the Addie Belle Jones accounts and the monies of Amanda P. Tull, individually, notwithstanding Mr.

Mieras' rule violations, fraud and breach of fiduciary duty; continuing their failure to properly supervise and to control the actions of their agent/employee, Lawrence J. Mieras and allowing his fraudulent actions to be perpetrated and continuing. Among the duties owed by American Portfolios was the duty to properly supervise and manage the actions of their employee, Lawrence J. Mieras and allowing his fraudulent actions to be perpetrated and continuing.

13. This matter has been submitted to a FINRA Arbitration Panel, who decided in a pre-hearing Order, dated January 16th, 2018, that the Panel did not have **subject matter jurisdiction** over a "Will Contest" and could not rule whether Lawrence J. Mieras could take as a beneficiary under the Will or whether Addie Belle Jones' Variable Annuities conformed to the Will as he claimed and accordingly the Panel **DID NOT DECIDE THE CASE** submitted to arbitration rendering any award that they may have entered as a nullity as a matter of law. The FINRA Panels' award has **not been converted into a judgment** and will not be able to be, and accordingly, this Courts' jurisdiction is preserved allowing Amanda P. Tull the right to maintain this action as an individual.

14. Further, FINRA Arbitrators ruled in their award while applicable rules were violated by Lawrence J. Mieras they (Panel) did not have authority to enforce those rules as that was a regulatory matter and beyond their jurisdiction.

15. The FINRA Arbitrators ruling was and is contrary to the strong public policy expressed by the Supreme Court of the United States in 1987, where in it held that arbitration, or pre-dispute clause were enforceable under the Federal Arbitration Act ("FAA") provided Self-Regulatory Organization ("SRO") forums were the "functional equivalent" of a Court in the legal process accorded to a public investor.

16. In May 2016, Defendant, Lawrence J. Mieras crossed state lines from New Jersey to Maryland. Mr. Mieras' visit was to arrange Decedent Addie Belle Jones' property to past outside of her Will to avoid the scrutiny of the Maryland probate process and the regulators at American Portfolios. The visit, May 2016, Decedent,

Addie Belle Jones was seventy-eight (78) years old, suffering from vascular dementia, legally incompetent, and unable to understand any advice Lawrence J. Mieras gave nor to understand the process Mr. Mieras presented for her to execute, changing her annuities beneficiaries. At the May 2016 meeting with Addie Belle Jones, broker/dealer, Lawrence J. Mieras told Amanda P. Tull neither he nor she needed to contact Addie Belle Jones' lawyer and that he was surprised at her condition. Mr. Mieras prepared the documents changing the annuities beneficiaries for Addie Belle Jones' annuities in such a way for him to inherit Five Hundred Thousand Dollars ($500,000.00) of Addie Belle Jones' two million dollars (2,000,000.00) estate in violation of his firm (American Portfolios, et al) **BEQUEST RULES** which prohibits bequests over One Hundred Dollars ($100.00) to its' non-family member brokers without first a proper report and approval by the firm plus FINRA Business conduct Rule 2150, which prohibits broker/dealers to account share without proper authorization or approval from Mr. Mieras' B.D and R.I.A. firm (American Portfolios, et al). The FINRA Business Conduct rule 2150 has the force and effect of law under Section 29(a) of the Securities Exchange Act of 1934 ("Securities and Exchange Act").

    17.    American Portfolios, et al failed to supervise their agent Lawrence J. Mieras and after being advised of Mr. Mieras' actions of May 2016 and thereafter, American Portfolios, et al, condoned Lawrence J. Mieras' activities and accordingly cannot conceivably meet their burden pursuant to the controlling person liability provision pursuant to Section 20(a) of the "Exchange Act" that it did not induce directly or indirectly the conduct in issue.

    a.    American Portfolios' failures of supervision allowed Defendant, Mieras to improperly share in the securities; accounts, and financial instruments of Decedent Addie Belle Jones and was fraudulent as it aided and abetted Defendant, Mieras in his fraud to gain an interest in the wealth of and an inheritance from Decedent, Addie Belle Jones for himself and his family.

18. Amanda P. Tull, comes now before this Court, never having been a Party individually to any action or proceeding asserting in a timely fashion, her own right, title and interest should not have been violated or be violated by Lawrence J. Mieras who was admittedly acting as an "investment advice fiduciary" and his duties there from which he clearly breached to date by his and the other Defendants' continuing fraud, continuing concealment and otherwise.

19. Amanda P. Tull, an individual, is seeking her day in Court to preserve, enforce, and protect her rights, assets and interest, as well as the strong public policy of protecting seniors and impaired client investors in which Amanda P. Tull has an interest.

### First Claim for Relief: Common Law Fraud

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully set-forth herein.

21. Defendant, Lawrence J. Mieras committed fraud by falsely submitting documents that he prepared and concealed that he was a financial advisor to Decedent Addie Belle Jones and was at the same time going to inherit Five Hundred Thousand Dollars ($500,000.00) of Decedents' worth and estate of Two Million Dollars ($2,000,000.00).

22. Defendant concealed he was a beneficiary under Decedent (Addie Belle Jones) 2014 Will and 2016 Will substitute.

23. Defendant, American Portfolios did not adequately supervise Defendant, Lawrence J. Mieras and when it discovered the full facts including that Defendant Mieras violated American Portfolios internal rules and the FINRA Business Conduct Rules.  It did not take corrective action, knowing that their associated person engaged in willful and fraudulent conduct contrary to the applicable law and rules.

24. Documents were submitted by Defendant, Lawrence J. Mieras that were false and misleading on their face as it did not allow American Portfolios to take proper

materially steps to comply with the law. When the full true facts were disclosed or discovered, American Portfolios did not take corrective action nor supervisory responsibility pursuant to Section 20(a) of the Securities and Exchange Act ("Exchange Act"), which statue was enacted to protect against predatory abuse of investor/clients, i.e. Addie Belle Jones by their financial advisors. SEE FINRA Statement of Claim and Exhibits previously filed in case #1:18-cv-02122-GLR, showing Defendants' fraud and breach of fiduciary duty.

25. Lawrence J. Mieras breached his fiduciary duty and intentionally, with malice, and/or with reckless disregard for Amanda P. Tull's rights and/or Addie Belle Jones' rights by ignoring the law and the rules of his company. In his breach of his fiduciary duty to Amanda P. Tull and/or Addie Belle Jones, Mr. Mieras acted willfully and contrary to the best interest of Amanda P. Tull and/or Addie Belle Jones.

26. As a result of the breach of Mieras' fiduciary duty, Amanda P. Tull suffered damages.

WHEREFORE, Plaintiff claims damages against the Defendants', jointly and severely, in excess Seventy Five Thousand Dollars ($75,000.00), in compensatory and punitive damages, with interest, costs and such other and further relief as this Court may deem proper.

### Second Claim for Relief: Breach of Fiduciary Duty

27. Plaintiff re-alleges and incorporates paragraphs 1-26 as if fully set forth herein.

28. Defendants' herein were fiduciaries to Decedent Addie Belle Jones and her Estate, and thereby fiduciaries to Amanda P. Tull, a beneficiary of same, the Plaintiff herein.

29. Defendants' admitted they were fiduciaries to Decedent, Addie Belle Jones and her Estate, and Amanda P. Tull, individual, was both named in the Will and also in the Will substitutes has sustained a damage personally and sues the Defendants' for the

breach of their fiduciary duties causing Amanda P. Tull, an individual, damage by breaching their fiduciary duty intentionally, with malice, and/or with reckless disregard for Amanda P. Tull's rights by ignoring the actions of their agent, broker/dealer, fiduciary, Lawrence J. Mieras by failing to properly supervise and control their agent causing damage to Amanda P. Tull. American Portfolios acted willfully and contrary to the best interest of Addie Belle Jones and/or Amanda P. Tull, individually.

30. As a result of the breach of American Portfolios, et al, fiduciary duties, Amanda P. Tull was caused to suffer damages.

WHEREFORE, Plaintiff, Amanda P. Tull, an individual, claims damages against the Defendants' jointly and severally in the amount in excess of Seventy Five Thousand Dollars ($75,000.00), in compensatory and punitive damages, with interest, costs and punitive damages because of Mieras' and his firms criminal disregard of their statutory and professional obligations, and such other and further relief as this Court may deem proper.

Date: 9/11/19

Respectfully Submitted,

_J.H. Phillips, III_
**James Harrison Phillips, III, Esquire**
Bar No. 07249
E-mail: jhphillipsiii@aol.com
115 72nd Street
Ocean City, Maryland 21842
410-524-1944 (office)
410-524-9240 (fax)
Attorney for the Amanda P. Tull, Individually

_Amanda P. Tull_
**Amanda P. Tull**

_Norman B. Arnoff_
**Norman B. Arnoff, Esquire**
**Admitted Pro Hac Vice**

New York Bar No. 1541905
E-mail: nbarnoff@aol.com
2651 South Course Drive
Building 14, Apt. 401
Pompano Beach, FL  33069
917-912-1165